IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA LINVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1082-D |
| ) | |
| XANODYNE PHARMACEUTICALS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel Unrestricted Examination of Certain Individual Deponents [Doc. No. 30], presumably filed pursuant to Fed. R. Civ. P. 37(a). Defendant has responded in opposition to the Motion [Doc. No. 48],[1] and Plaintiff has filed an expedited reply brief. Upon consideration of these filings, the Court finds no need for a hearing, and issues its ruling.

The parties disagree regarding the scope of the examination of two witnesses who are Defendant's employees and will be deposed by Plaintiff in Ohio on March 15 and 16, 2012, pursuant to Fed. R. Civ. P. 30(b)(1). To some extent, Plaintiff's Motion is premature because the deponents have neither failed to appear nor refused to answer any questions. Based on prior communications between counsel, however, and now through the parties' briefs, it has become clear that the parties have different views of a single issue: whether Plaintiff may

---

[1] Within its response, Defendant purports to move for a protective order under Fed. R. Civ. P. 26(c). Pursuant to LCvR7.1(c), a motion must be filed as a separate document, and a response brief "may not also include a motion or cross-motion made by the responding party."

twice depose a single witness – once as a corporate representative designated by Defendant pursuant to Rule 30(b)(6), and again as an individual noticed by Plaintiff pursuant to Rule 30(b)(1) – and conduct an examination that inquires into the same subject areas. To avoid possible delay and additional travel expenses, Plaintiff seeks a determine in advance of the depositions whether her counsel may ask some questions that a deponent has already answered in a prior deposition.

Notably, the parties agree that Rule 30(b)(6) and Rule 30(b)(1) serve different purposes and that both types of depositions may properly be conducted of a single witness.[2] All of the case law presented by both parties so holds. However, Defendant contends that Plaintiff's counsel should be prohibited from re-examining the witnesses on the same topics because this would be a "cumulative, duplicative, unnecessary and burdensome process . . . and there is simply no legitimate need for it." *See* Def.'s Resp. Br. [Doc. No. 48] at 8. Defendant states that one witness, Scott Burandt, was the primary decision maker in the termination of Plaintiff's employment and that Mr. Burandt was previously deposed for a full day; Defendant asserts that he should not be required to devote a second day of testimony to the same issues. Defendant states that the other witness, Rebecca Barnowski, is its human resources manager and had a limited role in the decision; Defendants assert that Ms. Barnowski previously testified for an hour and should not have to repeat her testimony.

---

[2] Defendant does not contend that Plaintiff needs permission to conduct two depositions, pursuant to Rule 30(a)(2)(A)(ii).

In reply, Plaintiff asserts that the second depositions of the witnesses will not be cumulative and that any overlap will be minimal and justified. Plaintiff notes that the Rule 30(b)(6) notice required Defendant to designate a representative to answer questions regarding seven topics, only one of which was the reduction in force (RIF) that led to Plaintiff's termination. Plaintiff concedes that the upcoming depositions will revisit this topic, but she insists that the individual deponents will not be questioned about the RIF for the same purpose or in the same way.[3] Further, Plaintiff's counsel explains in argument why he proceeded in a manner that has resulted in a two-stage deposition process, inquiring first about the formulation of the RIF criteria and general methodology and, second, about the application of those criteria to Plaintiff and her selection under the identified method. Accepting the representations of Plaintiff's counsel, he intended by the first deposition to collect from Defendant's designated representative sufficient information about the RIF to prepare for an examination of the decision maker who selected Plaintiff for termination about the specific facts regarding her selection. Plaintiff's counsel states his belief that the overlap in questioning during the second deposition will be limited to a small portion of Mr. Burandt's previous testimony. *See* Pl.'s Reply Br. [Doc. No. 49] at 4 ("perhaps ten minutes of [prior] questioning").

Regardless whether Defendant agrees with Plaintiff's discovery method or litigation strategy, the Court finds that Plaintiff's proposed second depositions of Mr. Burandt and

---

[3] As the Court understands Plaintiff's argument, Ms. Barnowski was not previously questioned about the RIF at all because Defendant designated Mr. Burandt as its representative for this topic.

Ms. Barnowski do not pose an unreasonable duplication of testimony or an undue burden to the witnesses. These are the only grounds on which Defendant proposes to limit the depositions of persons who are proper witnesses under both Rule 30(b)(6) and Rule 30(b)(1) in this case. While Mr. Burandt may be asked some of the same or similar questions covered in his first deposition, the burden to answer again or adopt prior answers arises from his dual role as both Defendant's representative with knowledge about the RIF and the individual who decided to include Plaintiff in it. During his second deposition, should it reasonably appear that Plaintiff's counsel has seriously underestimated the degree of overlap, such that a legitimate claim of bad faith conduct could properly be made, a motion to terminate the deposition under Rule 30(d)(3) remains available. Further, Defendant's counsel may make appropriate objections during the examination pursuant to Rule 30(c)(2), and so preserve specific issues for consideration by the Court after the deposition has been completed. The Court is unpersuaded, however, that proper grounds exist for Defendant to limit Plaintiff's depositions of its witnesses based on the prior Rule 30(b)(6) deposition.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Unrestricted Examination of Certain Individual Deponents [Doc. No. 30] is GRANTED, as set forth herein.

IT IS SO ORDERED this 14th day of March, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE